IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZERE KUSHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-799 |
| | ) |
| DEBRA M. ROMBERGER, | ) |
| DIRECTOR OF VITAL RECORDS | ) |
| In her Individual Capacity | ) |
| Only, | ) |
| | ) |
| Defendant | ) |

MEMORANDUM

Gary L. Lancaster,                                            January 29, 2013
Chief Judge.

This is a civil rights action. Plaintiff, Zere Kushi, alleges that defendant, Debra M. Romberger, in her individual capacity as Director of the Division of Vital Records for the Pennsylvania Department of Health, improperly denied his application for an amended birth certificate. According to Kushi, by doing so, Romberger violated (1) the Full Faith and Credit clause of the U.S. Constitution, Article IV, Section 1; (2) the Full Faith and Credit Act, 28 U.S.C. § 1738; (3) the Equal Protection and Due Process clauses of the Fourteenth Amendment; and (4) the First Amendment.

Romberger has filed a motion to dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(6) [doc. no. 10]. For the reasons set forth below, the court will dismiss Kushi's complaint in its entirety without prejudice because his claims are not ripe for disposition.

I. BACKGROUND

Kushi is African American and was born Albert Ulysses Rorie. Since 1994, he has been in search of his religious and ancestral name. In 1994, the Court of Common Pleas of Philadelphia County, Pennsylvania granted Kushi's request to change his name to Shakir Abdul Awwal. In 1999, the same court granted his request to change his name to Shakir Hombre. Kushi thereafter obtained an amended birth certificate from the Division of Vital Records for the Pennsylvania Department of Health (the "Division") reflecting the changes to his name. In 2002, Kushi moved to Nevada. In 2006, the District Court of Clark County, Nevada granted Kushi's request to change his name to Abel Kushman. Then, in 2007, the same court granted his request to change his name to Zere Kushi, the name he currently uses.

Kushi now resides in Delaware and is employed as a limousine driver. On October 21, 2011, Kushi submitted an application to the Division for an amended birth certificate to

reflect his most recent name change. Along with his application, Kushi included the 2006 and 2007 Nevada name change orders. On December 6, 2011, Romberger sent a letter to Kushi denying his application unless and until he obtained a name change order from a Pennsylvania court. On December 8, 2011, Kushi responded requesting a reconsideration of the denial and the basis for the decision in writing. In a response letter dated December 30, 2011, Romberger set forth two grounds for denial of Kushi's application. First, Romberger learned that the driver's license Kushi presented to the Philadelphia Vital Records Office in 2008 was determined to have been tampered with or otherwise falsified. And second, Romberger's review of the petitions for name change that Kushi filed in the Court of Clark County, Nevada revealed that vital information was missing from those petitions. Finally, the letter set forth Kushi's appeal rights.

Shortly thereafter, Kushi appealed Romberger's denial of his application to the Secretary of Health pursuant to 1 Pa. Code § 35.20. The Secretary of Health dismissed the appeal as untimely. Kushi then filed a petition for review with the Commonwealth Court of Pennsylvania. However, on or about February 13, 2012, Kushi discontinued his appeal and reapplied for an amended birth certificate. This time, he included certified copies of the Nevada court orders along with other

documents. Romberger again denied Kushi's application because the Nevada name change petitions lacked documentary support for the following assertions: (1) that Kushi actually resided in Clark County, Nevada since the time stated in each petition; (2) that the reason Kushi wished to change his name was cultural/ethnic; (3) that Kushi had never been convicted of a felony; and (4) that Kushi was not changing his name to defraud creditors or for any other fraudulent reason. Romberger requested specific documentation supporting assertions (3) and (4), noting that the results of a criminal background check and a credit report would suffice. In addition, Romberger requested proof of publication of Kushi's intent to change his name in two newspapers of general circulation to support Kushi's assertion that the name change would not compromise the integrity of the Division's vital statistics records.

Instead of submitting any of the requested information, Kushi filed this lawsuit. Kushi avers in his amended complaint that, as a result of Romberger's denial of his application for an amended birth certificate, he has been prevented from traveling with his grandchildren and from visiting his fiancé's parents in Korea. He further avers that he is unable to obtain a passport or federally compliant driver's license. Kushi seeks a declaratory judgment that Romberger's refusal to modify his birth certificate violates his

constitutional rights, an injunction prohibiting Romberger from refusing to modify the birth certificate, and attorneys' fees and costs under 42 U.S.C. § 1988.

II. LEGAL STANDARD

Romberger seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Nonetheless, because the court lacks subject matter jurisdiction over the amended complaint, Rule 12(b)(1) is dispositive.

    A. Motion to Dismiss under 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1). This court has the authority to raise such a defense sua sponte. FED. R. CIV. P. 12(h)(3). A motion to dismiss under Rule 12(b)(1), therefore, challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

    B. Ripeness

Ripeness is directly relevant to whether a district court has subject matter jurisdiction. Armstrong World Indus., Inc. by Wolfson v. Adams, 961 F.2d 405, 410 (3d Cir. 1992).

Although Romberger has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and the parties have not raised any ripeness issues, considerations of ripeness are sufficiently important as to require this court to raise the issue sua sponte. Felmeister v. Office of Attorney Ethics, 856 F.2d 529, 535 (3d Cir. 1988).

Article III of the Constitution limits the exercise of federal judicial power to adjudication of actual cases or controversies. Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009). Courts enforce the "case or controversy" requirement through several justiciability doctrines, including ripeness. Id. The ripeness doctrine applies even in cases involving only declaratory and injunctive relief. Peachlum v. City of York, 333 F.3d 429, 433 (3d Cir. 2003)(citation omitted). The ripeness doctrine prevents "the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies." Doe v. County of Centre, PA, 242 F.3d 437, 453 (3d Cir. 2001). It also protects "agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Id. The ripeness principle allows the administrative agency to utilize its discretion and apply its expertise, gives the agency the opportunity to correct its own

6

errors, and minimizes piecemeal appeals of agency actions. First Jersey Sec., Inc. v. Bergen, 605 F.2d 690, 695 (3d Cir. 1979).

In determining whether a case is ripe, courts generally examine: "(1) the fitness of the issues for judicial decision, and (2) the hardship of the parties of withholding court consideration." Khodara Env't, Inc. v. Blakey, 376 F.3d 187, 196 (3d Cir. 2004) (citation and quotations omitted). According to the Court of Appeals for the Third Circuit, factors relevant to the "fitness" consideration include "whether the issue is purely legal (as against factual), the degree to which the challenged action is final, whether the claim involves uncertain and contingent events that may not occur as anticipated or at all, the extent to which further factual development would aid decision, and whether the parties to the action are sufficiently adverse." NE Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n.8 (3d Cir. 2001).

III. DISCUSSION

Here, we find that Kushi's claims are not ripe. Under Pennsylvania law, Romberger has extensive discretion in enforcing state requirements for the modification or amendment of birth records. See 35 P.S. § 450.205. Romberger has not yet issued a final decision as to Kushi's application for an amended

birth certificate. Furthermore, on two separate occasions, Romberger provided Kushi with explicit instructions on how to cure the defects in his application. Instead of providing Romberger with the requested documentation and obtaining a final decision on his application, Kushi filed this lawsuit. Kushi did so even though Romberger has made clear that a final decision on the application is pending. Even if Romberger ultimately denies Kushi's application, an appeal to challenge this administrative decision would be the proper course of action. See 1 Pa. Code § 35.20; 20 Pa. Cons. Stat. § 711(9).

In addition, Kushi's claims are based on future events that may not occur as anticipated, or indeed, at all. Although Kushi avers that he has suffered hardship as the result of Romberger's actions, including an inability to obtain a passport or federally compliant driver's license, Kushi has not alleged that he even applied for any such documents. Consequently, the court finds that Kushi's claims are not ripe for review and must be dismissed for lack of subject matter jurisdiction.

IV. CONCLUSION

For the foregoing reasons, Kushi's amended complaint is dismissed without prejudice because it is not ripe for adjudication. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZERE KUSHI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-799 |
| | ) |
| DEBRA M. ROMBERGER, | ) |
| DIRECTOR OF VITAL RECORDS | ) |
| In her Individual Capacity | ) |
| Only, | ) |
| | ) |
| Defendant | ) |

## ORDER

AND NOW, this 29th day of January, 2013, upon consideration of the defendant's motion to dismiss amended complaint [doc. no. 10], IT IS HEREBY ORDERED THAT the motion is GRANTED without prejudice.

BY THE COURT:

_____, C. J.

cc:     All Counsel of Record